UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL J. SNELLING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV621-065 |
| | ) | |
| STATE OF GEORGIA, GEORGIA DEPARTMENT OF CORRECTION, and JOHN or JANE DOE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael J. Snelling, Jr., a prisoner at Georgia State Prison, has filed an action pursuant to 42 U.S.C. § 1983 alleging that the prison serves him sour milk, serves him cold meals, and delays his mail, and that inmates and a guard assaulted him. Doc. 1 at 1, 5-6. He originally filed this case in the United States District Court for the Middle District of Georgia, which transferred the case to this Court. *See* doc. 4. He has also filed a motion to proceed *in forma pauperis*. Doc. 2. As Snelling has on at least three prior instances filed meritless actions, these claims should be **DISMISSED**.

1

## BACKGROUND

Snelling alleges that he receives cold food at each of his meals due to Georgia State Prison's delay in serving hot food. Doc. 1 at 5. He indicates that this is a "[health violation] . . . when inmate [sic] may have [HIV-AIDS]." *Id.* He alleges that the prison has been serving sour milk "for the last three weeks," and that the milk has not been dated for "[months]." *Id.* He alleges that the prison mixes "good milk with the bad milk." *Id.* Snelling further alleges that inmate mail "just . . . sits in the mailbox for [a] long time" without being sent to the post office on time. *Id.* Finally, he alleges that "when he was previously confined . . . to Georgia Dept. of Corrections," inmates and a guard assaulted him and broke his neck. *Id.*[1]

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while

---

[1] The Complaint references "Fulton County Jail," but it is unclear whether Snelling alleges that this assault occurred there or at Georgia State Prison, where he is currently incarcerated. *See* doc. 1 at 1, 5.

>  incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This Court has previously noted that Snelling has accrued more than three "strikes" under § 1915(g) by filing meritless suits in various federal courts.  *See Snelling v. Dillhunt*, 6:20-CV-086, Doc. 14 at 3-4 (S.D. Ga. Jan. 22, 2021) (compiling Snelling's dismissed civil actions constituting "strikes" under § 1915(g)).

PLRA, however, provides an exception to this restriction if the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk.  *See Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation marks and citation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present

3

imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Since Snelling has failed to plead that he is in imminent danger of serious physical injury, it is recommended that his Complaint be **DISMISSED without prejudice**.

### A. Sour Milk

First, Snelling's allegations that the prison served sour milk "for the last three weeks," that the milk has not been dated for "[months]," and that the prison "mixes good milk with bad milk," doc. 1 at 5, do not constitute an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Courts have held that a prison serving spoiled food does not satisfy the "imminent danger" exception. *See Mayweather-Brown v. Sevier*, 2019 WL 3252112, at *1-2 (N.D. Ind. July 18, 2019) (spoiled food does not constitute "imminent danger of physical injury" under § 1915(g)); *Childs v. Olson*, 2010 WL 2400060, at *1 (D. Colo. June 15, 2010) (prisoner's allegation that prison serves spoiled cheese, beans, and fruit, causing sores on his body does not constitute an imminent danger of serious physical injury). Snelling fails to allege that the spoiled, undated milk poses an imminent danger of serious physical injury, and his claim should be **DISMISSED**.

### *B. Cold Food*

Similarly, Snelling fails to allege that the prison regularly serving him cold food poses an imminent danger of serious physical injury. *See Littlejohn v. Blanton*, 2008 WL 701385, at *3, *6 (D.S.C. Mar. 13, 2008) (prisoner is not in imminent danger of injury when he is served cold food); *Jones v. Large*, 2005 WL 2218420, at *1 (W.D. Va. Sept. 13, 2005) (prisoner failed to allege that cold food caused him a risk of serious physical injury). Here, the closest Snelling comes to alleging a risk of danger from the cold food is his observation that it is a "[health violation] . . . when inmate [sic] may have [HIV-AIDS]." Doc. 1 at 5. To the extent that Snelling alleges that the cold food poses a risk to inmates suffering from HIV-AIDS, *in general*, his claim fails, since he must allege an imminent danger to him *personally*. *See Rice v. Ward*, 2021 WL 1098471, at *2 (S.D. Ga. Feb. 23, 2021) (alleged instances of violence which do not personally concern plaintiff do not constitute a present imminent danger). Alternatively, Snelling's claim still fails if he alleges that the cold food poses some risk to him because he personally suffers from HIV-AIDS, since he has not alleged any connection between cold food and a

specific risk associated with the condition.[2] *See* doc. 1 at 5. For these reasons, his claim based on receiving cold food should be **DISMISSED**.

### C. Delayed Mail Delivery

Snelling also fails to allege that the prison delaying the delivery of his mail poses any *physical* risk to him under § 1915(g). *See Skillern v. Edenfield*, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010) (interference with prisoner's mail is "plainly inadequate to bring Plaintiff's case within the imminent danger exception in § 1915(g)."); *Miller v. Keating*, 2011 WL 285080, at *2 (E.D. Cal. Jan. 25, 2011) (a prison's alleged confiscation of a prisoner's incoming mail does not constitute "imminent danger of serious physical injury"). Since Snelling has not alleged any risk of physical injury based on the prison's mail-delivery delay, his claim should be **DISMISSED**.

### D. Assault

Although it is unclear from Snelling's complaint whether he was

---

[2] Even assuming that cold food poses some risk to prisoners with HIV-AIDS, and charitably construing the Complaint to allege that Snelling personally "may" suffer from HIV-AIDS, doc. 1 at 5, does not entitle him the "imminent danger" exception under § 1915(g). He has not affirmatively alleged that he *does* suffer from HIV-AIDS, even in the most charitable reading, only that he "may." Even if the risk alleged were sufficiently definite—and it's not—the application of that risk to Snelling would be no more than hypothetical.

assaulted at Fulton County Jail or Georgia State Prison, *see* doc. 1 at 5, he fails to allege that this assault constitutes an imminent danger of serious physical injury. Even if the assault occurred at Georgia State Prison, the prison where Snelling is currently incarcerated, *id.* at 1, an allegation of a past assault alone is not enough to establish the "imminent danger" exception under § 1915(g). *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (In the Eleventh Circuit, "a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); *Dixon v. Glynn Cty. Sheriff's Dep't*, 2021 WL 3205068, at *2 (S.D. Ga. July 6, 2021) (plaintiff does not qualify for the "imminent danger" exception when his allegations are limited to past assaults, without allegations of ongoing danger of serious physical injury). For these reasons, Snelling's claim based on the past assault should be **DISMISSED**.

## CONCLUSION

In summary, because he has on at least three prior occasions brought actions that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, Snelling's claims should be **DISMISSED without prejudice**. This report and recommendation

7

(R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED**, this 29th day of October, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA