IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL J. SNELLING, JR.,          *
                                   *
   Plaintiff,                      *
                                   *
      v.                           *     CV 621-065
                                   *
STATE OF GEORGIA; GEORGIA          *
DEPARTMENT OF CORRECTIONS; and     *
JOHN OR JANE DOE,                  *
                                   *
   Defendants.                     *

**ORDER**

Presently before the Court is Plaintiff's motion titled "A Order For An Review on The Conditions of Georgia Department of Corrections." (Doc. 12.) On February 18, 2022, this Court adopted the Magistrate Judge's Report and Recommendation, to which no objections were filed, and closed this case. (Doc. 10.) Nevertheless, Plaintiff filed the currently pending motion on April 6, 2022, requesting the Court review the conditions at Hays State Prison. (Doc. 12, at 1.)

**I. BACKGROUND**

This Court already found that Plaintiff has accrued more than three "strikes" under 28 U.S.C. § 1915(g) by filling meritless suits in various federal courts. (See Doc. 9, at 3.) Further, the Court found that while the conditions at the prison are

unfortunate, they do not rise to the level of putting Plaintiff in "imminent danger of serious physical injury." (Id. at 3-7 (citing 28 U.S.C. § 1915(g)).)

Plaintiff now represents that he is in a very unclean prison, must pay for everything, the inmates are in control of the officers, and that officers are bringing in phones and drugs. (Doc. 12, at 1-2.) Because Plaintiff is proceeding *pro se*, the Court will construe this motion as a motion for reconsideration of its February 18, 2022 Order.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for

2

reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff filed this motion more than twenty-eight days after the Court's February 18, 2022 Order; therefore, the Court will analyze his motion under Rule 60(b). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Rule 60(b) "allows for relief

3

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

### III. DISCUSSION

Plaintiff's case was dismissed because he has more than three "strikes" under § 1915(g) for filing meritless suits in federal court. (See Doc. 9, at 3.) The Court found that he failed to meet the exception of "imminent danger of serious physical injury" to the three-strike rule. (Id. at 3-7.) Plaintiff now asserts additional issues he faces at the prison.

Although Plaintiff raises some additional concerns with the cleanliness and procedures of the prison, he fails to meet the requirements for relief under Rule 60(b). Plaintiff asserts nothing newly discovered, no neglect or fraud, or any other reasons to justify relief from the Court's dismissal of his action.

Therefore, Plaintiff's motion (Doc. 12) is **DENIED** and this case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of May, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA